UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS ALEXANDER ZAMORA MOLINA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. C26-3171-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Zamora Molina's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #5. The Court has reviewed the certified petition, the responsive briefing filed by the Government, Dkts. #10-#12, a Reply, Dkt. #14, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #5 and #11.

Petitioner is a citizen of Ecuador. Fearing bodily harm and persecution, Petitioner fled Ecuador and entered the United States in March 2024. Immigration and Customs Enforcement ("ICE") detained him and placed him in expedited removal proceedings. After claiming fear of returning to Ecuador, he was referred for a credible fear interview. After an asylum officer made a finding of credible fear, Petitioner was enrolled in Alternatives to Detention ("ATD") and released from custody on March 21, 2024. For the next two years, Petitioner applied for asylum and withholding of removal, found work, started a family, and was a contributing member to his community.

On January 14, 2026, Petitioner was instructed by his ATD supervisor to appear for an in-person appointment at the Seattle office. Upon arrival, Petitioner was detained due to alleged "numerous ATD violations" and was transferred to Northwest ICE Processing Center. Dkt. #11 at ¶ 10. On March 3, 2026, an immigration judge ("IJ") denied Petitioner's asylum application and ordered him removed to Ecuador. However, the IJ granted Petitioner's request for withholding of removal to Ecuador. *See* Dkt. #12, Ex. 4. Both parties waived appeal, making the removal order final that day. On March 11, 2026, the Government notified Petitioner of intent to remove him to Mexico. Petitioner did not sign the notice. *See* Dkt. #12, Ex. 5.

On March 30, 2026, Petitioner filed his first habeas petition in this district. *See Zamora Molina v. Warden*, No. 26-cv-01078-KKE, Dkt. #1. On May 12, 2026, Judge Evanson denied Petitioner's habeas petition because he was mandatorily detained under the 90-day removal period under 8 U.S.C. § 1231(a)(2)(A), thus he had "no colorable claim for release under the Due Process Clause" at that time. *Id*. at Dkt. #12 at 3.

On June 2, 2026, one day after the 90-day removal period's expiration, Petitioner filed his second habeas petition in this district. *See Zamora Molina v. Warden*, No. 26-cv-01893-JNW, Dkt. #1. On June 17, 2026, Judge Whitehead denied the petition because "Petitioner's post-removal-order detention remain[ed] within the 'presumptively reasonable' period under *Zadvydas* . . . until September 3, 2026." *Id*. at Dkt. #13 at 4.

On September 4, 2026, Petitioner commenced the instant action. Petitioner moved to appoint counsel, which the Court granted on September 15, 2026. Dkts. #2 and #9. Petitioner's counsel filed his third habeas petition on his behalf on September 14, 2026. Dkt. #5.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28

U.S.C. § 2241(c)(3). In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). Petitioner discusses the application of the *Mathews* text here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with

constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was arrested, has been detained for months, and remains in custody undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest is high under the facts of this case.

In the final *Mathews* factor, the Court considers the Government's interest. The Government clearly has an interest in detaining removable noncitizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner is detained for over six months and cannot be deported, and the Government makes no argument that he is a flight risk or danger to the community, the Government fails this factor. Furthermore, beyond ICE's own statement, the Government provides no showing otherwise that Petitioner violated any conditions of his release. The Court finds that the Government's interest here is low. *See also E.A. T.-B.*, *supra*. Accordingly, the Court finds that the *Mathews* factors weigh in Petitioner's favor.

Although there is no statutory time limit on detention pursuant to 8 U.S.C. § 1231(a)(6), the Supreme Court has held that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court has further identified six months as a presumptively reasonable

time to bring about a noncitizen's removal. *Id*. at 701. Once it is determined that there is no significant likelihood of removal in the reasonably foreseeable future, noncitizens may be released on an Order of Supervision. 8 C.F.R. § 241.13(h). This can be revoked on account of changed circumstances where there is a significant likelihood of the noncitizen's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2). Here, Petitioner is well-beyond the presumptively reasonable six-month period under *Zadvydas*.

The IJ granted withholding of removal to Ecuador. *See* Dkt. #12, Ex. 4. Petitioner has no other citizenship or proven ties to another country, and there is no evidence of any third country's willingness to accept Petitioner. A granting of withholding of removal "is a powerful indication of the improbability of his foreseeable removal, by any objective measure." *Nadarajah v. Gonzales, 443 F.3d 1069, 1081* (9th Cir. 2006); *Saadhom v. Bondi*, CASE NO. 2:26-cv-00425-TL, 2026 WL 698786, at *3 (W.D. Wash. Mar. 12, 2026) (collecting cases). Given the facts here, the Court finds that Petitioner has met his burden of showing no significant likelihood of removal in the reasonably foreseeable future.

The Government has the burden to "respond with evidence sufficient to rebut that showing." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 723 (W.D. Wash. 2025) (quoting *Zadvydas*, 533 U.S. at 701). The Government's only evidence that removal is "reasonably foreseeable" is generalized representations without evidence. The Government contends that ICE plans to remove Petitioner to a third country, Mexico, and "served Petitioner with a notice" of this removal. Dkt. #10 at 7. This "notice," all in English and served on March 11, 2026, simply says that ICE intends to remove Petitioner to Mexico and asks for his signature to certify that it was read to him Spanish, which Petitioner did not sign. Dkt. #12, Ex. 5. As argued by Petitioner, he has declined to accept removal to Mexico, and Mexico does not accept deportees who are

unwilling to go there. *See* Dkt. #5 at 10-11. The provided "notice" document, along with everything else the Government provides, does not demonstrate any concrete plan for Petitioner's removal to a specific third country. *See Boza-Rosales v. Blanche*, 833 F. Supp. 3d 1174, 1178 (W.D. Wash. 2026).

Under INA § 241(b), unless certain eliminating conditions apply, a noncitizen may be removed to (1) the noncitizen's country of choice, (2) the noncitizen's country of citizenship, (3) a country of "lesser connection" unless it is "impracticable, inadvisable, or impossible," or (4) a country whose government will accept the noncitizen. *See Jama v. ICE*, 543 U.S. 335, 337 (2005); *see also* 8 U.S.C. § 1241(b). Here, the only countries specified are Petitioner's home country, Ecuador, which the IJ granted withholding of removal to, and Mexico, which Petitioner refused. The Government makes no other indication that Petitioner has designated any third country or that the Government has initiated proceedings necessary to lawfully remove him to any other country. *See Revenko v. Bondi*, No. 25-cv-2149, 2025 WL 4070027, at *3 (W.D. Wash. Dec. 29, 2025) ("if DHS seeks to remove Petitioner to a third country, it must move to reopen Section 240 removal proceedings, and a hearing must be held before an immigration judge so the petitioner can apply for relief as to the specific country of removal"), *adopted*, 2026 WL 191988 (W.D. Wash. Jan. 21, 2026). Accordingly, the Court finds that Petitioner has provided good reason to believe that his removal is not likely to occur in the reasonably foreseeable future, the Government has failed to rebut this showing, and Petitioner is entitled to habeas relief under *Zadvydas*.

Having reviewed the relevant briefing and remainder of the record, the Court hereby finds and ORDERS:

(1) Petitioner's habeas petition is GRANTED. This case is CLOSED.

(2) Petitioner shall be released from custody within twenty-four (24) hours of this Order on conditions no more restrictive than those in place prior to his detention. Without clear and convincing evidence from the Government that Petitioner is a flight risk or danger to the community, Petitioner shall not be subject to GPS monitoring as a condition of his release.

(3) Respondents shall file a declaration confirming his release from custody within forty-eight (48) hours of this Order.

(4) Petitioner may not be re-detained without adequate notice and until after an immigration court hearing is held to determine whether detention is appropriate, at which the Government bears the burden of justifying continued detention by clear and convincing evidence.

(5) Petitioner may not be removed to a third country without adequate notice of the proposed country of removal, including copies of valid travel documents provided to Petitioner and his counsel, and a meaningful opportunity to respond before an immigration court to determine whether such removal is appropriate.

DATED this 9th day of October, 2026.

Ricardo S. Martinez
United States District Judge